UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ISRAEL HERNANDEZ, on behalf of himself and        :        Civ No:
all others similarly situated,                                   :
                                                                          :        **COMPLAINT**
                                                                          :
                                        Plaintiff,            :        **FLSA COLLECTIVE**
                        -against-                            :        **ACTION AND RULE 23**
                                                                          :        **CLASS ACTION**
LG CONTRACTING INC. and MICHAEL           :
DIFIORE,                                                        :
                                                                          :
                                        Defendants.       :
-------------------------------------------------------------X

Plaintiff ISRAEL HERNANDEZ, on behalf of himself and all others similarly

situated, by and through his attorneys, Naydenskiy Law Group, P.C., alleges upon

personal knowledge as to himself and upon information and belief as to other matters, as

follows:

## PRELIMINARY STATEMENT

1.       Plaintiff ISRAEL HERNANDEZ (referred to herein as "Plaintiff") was

employed by LG CONTRACTING INC. and MICHAEL DIFIORE, (collectively

referred to herein as "Defendants") as a non-exempt employee subject to the wage and

overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as

"FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* and the New York Labor Law

(hereinafter referred to as "NYLL").

2.       Plaintiff brings this action on behalf of himself and all others similarly

situated seeking unpaid wages and unpaid overtime wages based upon Defendants'

violations of the FLSA, the NYLL, and the supporting New York State Department of

1

Labor regulations, as well as statutory penalties for violations of NYLL 195(1) and (3).

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendant LG CONTRACTING INC. maintains its principal place of business in, does business in, and resides in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7.      At all times relevant to the complaint, Plaintiff Hernandez was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8.      Defendants employed Plaintiff as a demolition worker for approximately 1.5 years from in or around June 2015.

9.      Plaintiff's written consent to sue form is attached hereto as Exhibit "A".

10.     Defendant LG CONTRACTING INC. is a New York Corporation with its principal place of business located at 2188 Nesconset Highway, Stony Brook, New York 11790.

11.     Defendant MICHAEL DIFIORE is the owner, chairman/chief executive officer, manager and/or operator of LG CONTRACTING INC.  Defendant DIFIORE has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

12.     At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

13.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

14.     At all times relevant hereto, Defendants employed employees, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce, in the production of goods for commerce, or in handling, selling or otherwise working on goods and materials, which were moved in or produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

15.     At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as non-exempt employees during the three years prior to the filing of the original Complaint in

this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. Other non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other construction workers to receive notice of the action and allow them to opt in to this action if they so choose.

19. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Plaintiff brings the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and

other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt construction employees at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

21.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

22.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to the Plaintiff and is presently within the sole control of Defendants, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least 40 members of the Class.

23.     Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for overtime hours worked as required by 12 NYCRR § 142-2.2, and that Defendant failed to provide them with proper notices and wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

24.     As fellow employees of Defendants, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.    Plaintiff has retained Gennadiy Naydenskiy, Esq., a competent and experienced employment litigator.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.   Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.   On the other hand, important public interests will be served by addressing the matter as a class action.   The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual

members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

28.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for all hours worked as required by 12 NYCRR § 142-2.2, (b) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

29.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

30.     Defendants operate a construction and demolition company based out of Stony Brook, New York.  Defendants employ various non-exempt construction worker employees who are assigned to perform construction and/or demolition work for Defendants.

31.     At all times relevant hereto, Defendants employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members as construction and/or demolition workers.

32.     Defendants assigned Plaintiff, the FLSA Collective Plaintiffs, and the Class Members to various construction-related activities, including but not limited to, demolition

33.     Throughout the first year of Plaintiff's employment, Defendants scheduled Plaintiff to work- between five and six days a week, from 7am until 5pm, with a half-hour lunchbreak.

34.     However, throughout the first year of his employment, Plaintiff worked between five and six days a week, from 6:30am until 7pm, with a half-hour lunchbreak.

35.     During the last approximate 2 months prior to the end of his employment, Defendants scheduled Plaintiff to work 3 days per week.

36.     Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked over 40 hours per workweek. Despite Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly working in excess of 40 hours per week, Defendants failed to pay them overtime premiums as required by law.

37.      Defendants paid Plaintiff a flat rate of $125 per day.  Defendants did not properly compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members at

the lawful overtime rates of one and one-half times their regular hourly rates of pay as required by law for <u>all</u> hours worked in excess of forty (40) hours per week.

38.     Defendants failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

39.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

40.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week.  Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

41.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

42.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

43.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

44.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

45.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

46.     Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

47.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

48.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

49.     Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

50.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

51.     Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid wages, overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Notice & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)

52.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

53.     Defendants have willfully failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

54.    Defendants have willfully failed to supply Plaintiff and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

55.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a class action;

(c)    Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)    An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e)    Costs of action incurred herein, including expert fees;

(f)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)    Pre-Judgment and post-judgment interest, as provided by law; and

(h)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: March 14, 2017        Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

Gennadiy Naydenskiy (GN 5601)
1517 Voorhies Avenue, 2nd Floor
Brooklyn, NY 11235
(800) 789-9396 Phone
(866) 261-5478 Fax
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT A

DocuSign Envelope ID: C60036BC-1C90-4B73-91F8-C4D84618DDAF

I am a current or former employee of LG CONTRACTING INC., Michael Difiore, and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _____ day of _____ 2/15/2017 _____ , 2017.

DocuSigned by:

*Israel Hernandez*

C495B69DFDA04C2

Signature

Israel Hernandez

Full Legal Name (print)